UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



PAMELA V. ALLISON (EBRON),

    Plaintiff,

v.                                Case No. 4:09cv89

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Pamela V. Allison (Ebron) ("Allison"), brought this action, *pro se*, under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act").

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed December 31, 2009.

The Commissioner moved to dismiss this action because the statute of limitations has allegedly expired. For the reasons expressed herein, the Court RECOMMENDS that the case be DISMISSED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2005, Allison applied for disability insurance

benefits under Title II of the Social Security Act and supplemental security income payments under Title XVI of the Act. (Jones Decl. Ex. 1) Allison's applications were denied by the Social Security Administration initially on September 6, 2005, and upon reconsideration on July 10, 2006. Id.

Upon Allison's request, an administrative law judge ("ALJ") of the Social Security Administration held a video hearing on January 24, 2007. Id. On May 10, 2007, the ALJ issued a decision finding Allison ineligible for disability benefits because she was not under a disability as defined by the Social Security Act. Id. Allison appealed the ALJ's decision to the Appeals Council, which denied her request on March 24, 2009. (Jones Decl. ¶ 3(a).) Therefore, the ALJ's decision is the Commissioner's "final decision" subject to judicial review here, pursuant to 42 U.S.C. § 405(g). See 20 C.F.R. §§ 404.981; 416.1481.

In the letter informing Allison of the Appeals Council's denial, the Appeals Council advised Allison that she had sixty (60) days to file a civil action if she wanted a court to review the ALJ's decision. (Jones Decl. Ex. 2.) The letter also explained that Allison could make a written request to the Appeals Council for an extension of time in which to file the civil action. Id.

On July 17, 2009, Allison, proceeding pro se,[1] filed an action

---

[1] "[A] pro se litigant is entitled to a liberal reading of her pleadings." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

in this Court seeking judicial review of the Commissioner's decision denying her claim for disability insurance benefits and supplemental security income.[2] On December 29, 2009, the Commissioner ("Defendant") moved to dismiss the complaint as barred by the statute of limitations. Allison filed a response with supporting documents on January 25, 2010.[3]

Neither party has indicated special circumstances requiring oral argument in this matter; therefore, the case is deemed submitted for decision based on the memoranda.

## II. ANALYSIS

The Commissioner argues that Allison's complaint is barred

---

Moreover, the Court notes that "trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants, especially when a technical or arcane procedural rule is involved." Bauer v. Comm'r of Internal Revenue Serv., 97 F.3d 45, 49 (4th Cir. 1996). It is with this principle in mind that the Court construes the various pleadings submitted by this *pro se* plaintiff.

[2] On July 17, 2009, Allison filed a Motion for Leave to Proceed In Forma Pauperis, and a proposed complaint. (Doc. No. 1.) On July 21, 2009, the Court granted Allison's motion to proceed in forma pauperis (Doc. No. 2) and her Complaint was filed (Doc. No. 3).

[3] The Court notes that pursuant to Local Civil Rule 7(K), Allison had twenty (20) days, computed pursuant to Federal Rule of Civil Procedure 6(a), plus three (3) days permitted by Rule 6(d) of said rules, within which to respond to Defendant's Motion to Dismiss. Therefore, Allison's response was due on January 21, 2010. Defendant's Motion to Dismiss was accompanied by a Roseboro Notice, advising Allison of the twenty-day response period. (Doc. No. 9.) Allison's response was filed four (4) days late, on January 25, 2010. Because Allison is proceeding *pro se* in this action, the Court excuses the untimeliness of her response, exercising its discretion pursuant to Federal Rule of Civil Procedure 6(b).

because she did not file her complaint within the time allotted by the statute of limitations. Under the Social Security Act, a claimant may seek judicial review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); see also 20 C.F.R. §§ 404.981; 416.1481; 422.210(c). A claimant is presumed to have received notice of the Appeals Council's decision "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The Appeals Council denied Allison's request for review on March 24, 2009, and Allison presumably received notice of that decision on March 29, 2009. Therefore, in order to timely seek judicial review, Allison had to file this action by May 28, 2009. Allison did not file her civil action until July 17, 2009.

Defendant alleges that "[t]here is no evidence that plaintiff requested additional time to file a civil action." (Def.'s Mem. Supp. M. Dismiss 2; see also Jones Decl. ¶ 3(b).). In her response, Allison provided the Court with "a copy of the required document that determined the extended time [she] requested in order to obtain more time and valuable information needed in reviewing and re-evaluating [her] case for Social Security." (Pl.'s Resp. Def.'s M. Dismiss 1.) The letter, dated April 1, 2009, requests an

4

extension of time in order to "submit creditable (sic) evidence concerning [her] social security case." However, Allison provided no evidence that the Appeals Council actually received the request or sent her a response either granting or denying the request. The Court construes Allison's response as a request for equitable tolling of the statute of limitations.

The sixty-day time for appeal is a statute of limitations and accordingly is "a condition on the waiver of sovereign immunity . . . [which] must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). However, because § 405(g) is "unusually protective of claimants," a court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. at 480 (internal quotations omitted). The Fourth Circuit has cautioned that tolling the limitations period "will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986).

The Court can accept Allison's assertion that she requested an extension of time, but it cannot accept that the Court should treat the extension as granted absent any evidence that the Appeals Council acted on the request. Marian Jones, the Chief of Court Case Preparation and Review of Branch II of the Office of Appellate Operations and Office of Disability Adjudication and Review, submitted a declaration attesting that she "is not aware of any

request for an extension of time to file a civil action" filed in Allison's case. (Jones Decl. ¶ 3(b).) Furthermore, the Notice of Appeals Council Action letter advising Allison of the sixty-day limitations period and the ability to request an extension of time states that the Appeals Council "will send you a letter telling you whether your request for more time has been granted." (Jones Decl. Ex. 2.) Having been provided with this information, Allison was not entitled to infer from the Appeals Council's silence that she could have additional time in which to file her civil action. Therefore, despite Allison's *pro se* status, the equities that favor tolling the limitations period are not "so great that deference to the agency's judgment is inappropriate." Id.; see also Neal v. Astrue, Civil No. 06-3073, 2008 WL 508507, at *2 (W.D. Ark. Feb. 21, 2008).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED as untimely under 42 U.S.C. § 402(g).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing

of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F-Bradford Stillman

United States Magistrate Judge

Norfolk, Virginia

February 23, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Pamela V. Allison (Ebron)
751 35th Street
Newport News, Virginia 23607
*Pro Se*

Lawrence Richard Leonard
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: /s/
Deputy Clerk

February 23, 2010